UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>SERGIO MARROQUIN-TORRES,<br><br>Defendant. | No. 2:14-CR-0038-JLQ<br><br>MEMORANDUM OPINION RE: SENTENCING GUIDELINE CALCULATION |

On May 16, 2014, the Defendant was sentenced pursuant to his Fast Track plea to illegal reentry as an alien into the United States after deportation in violation of 8 U.S.C. § 1326. This Memorandum Opinion explains the court's United States Sentencing Guideline calculation and rejection of the recommended 8-level enhancement contained in the abbreviated Presentence Investigation Report at ¶ 6. (ECF No. 22).

The court notes that this issue was not briefed by either party. The Government has the burden to establish whether a prior conviction may be used for a sentencing enhancement. (ECF No. 25 at 2). An uncontested PSR (as the Government's Fast Track policy apparently requires) is not always sufficient evidence. *Reina-Rodriguez v. U.S.*, 655 F.3d 1182 (9th Cir. 2011)("it is inappropriate to use a presentence report 'to determine the type or character of the conviction.'").

U.S.S.G. § 2L1.2(b)(1)(C) requires an eight-level increase in the base offense level of a defendant who unlawfully reenters the United States after a previous removal following "a conviction for an aggravated felony." Here, "aggravated felony" has the meaning assigned in 8 U.S.C. § 1101(a)(43). USSG § 2L1.2, Comment n.3(A). Section

1101(a)(43) defines an aggravated felony as, among other things, "illicit trafficking in a controlled substance (as defined in [21 U.S.C. § 802] ), including a drug trafficking crime (as defined in [18 U.S.C. § 924(c) ] )." 8 U.S.C. § 1101(a)(43)(B). Section 924(c) defines a "drug trafficking crime" as any *felony* punishable under the Controlled Substances Act ("CSA"). 18 U.S.C. § 924(c)(2). For a state conviction to qualify as a "felony punishable under the Controlled Substances Act": "First, the offense must be a felony; second, the offense must be capable of punishment under the [CSA]." Lopez v. Gonzales, 549 U.S. 47, 61 (2006) (THOMAS, J., dissenting). The federal Controlled Substances Act makes it a felony to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense," any amount of marijuana, except that "distributing a small amount of marihuana for no remuneration" is a misdemeanor. 21 U.S.C. § 841(a), (b)(1)(D), (b)(4). A state marijuana conviction is therefore only equivalent to a federal drug felony if the offense involved payment or distribution of more than a small amount of marijuana.

The Ninth Circuit has employed the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 601-02 (1990) to determine whether a criminal defendant's prior conviction meets the definition of an aggravated felony. *U.S. v. Valdavinos-Torres*, 704 F.3d 679 (9th Cir. 2012); *see also Moncrieffe v. Holder* (employing a categorical approach in the immigration context to determine whether a state offense proscribes conduct punishable as a felony under the Controlled Substances Act).

Under the categorical approach, the court must confine its consideration to only the fact of conviction and the statutory definition of the offense. The court must not "look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Moncrieffe*, 133 S.Ct. 1678 (2013). In 2011, the Defendant was convicted of violating of California Health and Safety Code § 11360(a). Section 11360(a) provides:

> Except as otherwise provided by this section or as authorized by law, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment in the state prison for a period of two, three or four years.

Subsection (b) of the statute makes it a misdemeanor if the person "gives away, offers to give away, transports, offers to transport, or attempts to transport not more than 28.5 grams of marijuana." The Ninth Circuit has already held that a conviction under § 11360(a) is not categorically a drug trafficking crime as defined in 18 U.S.C. § 924(c)(2) because "the Controlled Substances Act neither mentions solicitation nor contains any broad catch-all provision that could even arguably be read to cover solicitation." *See United States v. Rivera–Sanchez*, 247 F.3d 905, 909 (9th Cir. 2001)(en banc); *see also*, *Ramirez–Chavez v. Holder*, 540 Fed. Appx. 651, 652 (9th Cir.2013)(unpublished)(holding that a Nevada law criminalizing the sale, manufacture, delivery, or possession of a controlled substance "is not categorically an aggravated felony... because the full range of conduct it criminalizes, including mere possession, is broader than the relevant federal statute.").

Under the modified categorical approach, the court may expand its inquiry beyond the fact of conviction when the statute of conviction is one "list[ing] multiple, alternative elements, and so effectively creates 'several different...crimes,'" and "at least one, but not all of those crimes matches the generic version." *Descamps v. United States*, 133 S.Ct. 2276 (2013). Section 11360(a) is divisible, as it criminalizes various discrete acts (e.g., sale, importation, transportation, etc) "alternatively, with one statutory phrase corresponding to the generic crime and another not." *Descamps*, 133 S.Ct. at 2286. *See e.g., U.S. v. Corono-Rivera*, 503 Fed.Appx. 500, 502 (9th Cir. 2012), *cert denied* 133 S.Ct. 2040 (2013)(upholding the district court's conclusion under the modified categorical approach that the Defendant's conviction for felony *sale* of marijuana in violation § 11360(a) qualified as a drug trafficking offense).

The modified categorical approach serves the "limited function" of helping the court determine "which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps v. United States*, 133 S.Ct. 2276, 2284 (2013). Here, Count 2 of the state charging document to which the Defendant pleaded guilty (as confirmed by the Abstract of Judgment)(attached) establishes the Defendant pleaded guilty to felony *transportation* of marijuana. *See Cabantac v. Holder*, 736 F.3d 787, 793-94 (9th Cir. 2013) (per curiam)("where, as here, the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count."). The elements of felony transportation of marijuana under § 11360(a) are: 1) the defendant transported marijuana; 2) the defendant knew of its presence and illegal character; and 3) the marijuana possessed weighed more than 28.5 grams. *See* Judicial Council of CA Crim Jury Instr. No. 2361; Ca Crim. Jury Instruction 12.22.5; *People v. Busch*, 187 Cal.App.4th 150, 113 (Cal.App.3d Dist.2010)(upholding CALCRIM No. 2361). "Transport" is defined as it is "commonly understood and of plain, nontechnical meaning" and is established by carrying or movement from one location to another. *People v. Eastman*, 13 Cal.App.4th 668, 674-77 (2007) . A conviction under § 11360(a) can be supported by transportation without possession or transportation for personal use. *U.S. v. Casarez-Bravo*, 181 F.3d 1074 (9th Cir. 1999)(discussing § 11360(a)).

The mere transportation of marijuana, without more, is not listed as a punishable offense anywhere in the Controlled Substances Act. *See Alvarado-Ochoa v. Ashcroft*, 2003 WL 21805239, at *1 (9th Cir. Aug.6, 2003)(unpublished) ("While Alvarado's state transportation [of cocaine] is a felony in California ... it is not punishable under the Controlled Substances Act...."). The *elements* of the offense of felony transportation of marijuana under § 11360(a) do not have an illicit trafficking nor a remuneration element.

The "elements-centric, 'formal categorical approach'" precludes this court from delving into the particular facts disclosed by the record of conviction other than to

determine "*which statutory phrase was the basis for the conviction*." *See Descamps*, 133 S.Ct. at 2284-86 ("Whether Descamps *did* break and enter makes no difference," because "[o]ur decisions authorize review of the plea colloquy or other approved extra-statutory documents only when a statute defines burglary not (as here) overbroadly, but instead alternatively, with one statutory phrase corresponding to the generic crime and another not."). Because the statutory phrase the Defendant was convicted of was mere transportation, Defendant's conviction under California Health and Safety Code § 11360(a) does not qualify as an aggravated felony.

The Clerk of the court shall enter this Order and provide copies to counsel and the U.S. Probation Office.

Dated this 21st day of May, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TEHAMA

CRIMINAL DIVISION

FILED
SUPERIOR COURT OF CALIFORNIA
JUN - 3 2011
COUNTY OF TEHAMA, CRIMINAL DIVISION
GINA SETTER, CLERK OF THE COURT
DEPUTY

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br>vs.<br>SERGIO TORRES MARROQUIN and IRAN VALDOVINOS SOLORIO,<br>Defendant. | Case No. NCR81432<br>NCR81433<br><br>AMENDED INFORMATION |

SERGIO TORRES MARROQUIN and IRAN VALDOVINOS SOLORIO are accused by the District Attorney of the County of Tehama, State of California, by this Information, of the crimes of:

| | | | |
|---|---|---|---|
| **COUNT I: (Marroquin)** | HS11379(a) | Felony | TRANSPORTATION OF A CONTROLLED SUBSTANCE |
| **COUNT II: (Both)** | HS11360(a) | Felony | TRANSPORTATION OF MARIJUANA |
| **COUNT III: (Both)** | HS11359 | Felony | POSSESSION OF MARIJUANA FOR SALE |

**COUNT I**

The above defendant SERGIO TORRES MARROQUIN, on or about April 3, 2011, at and in the County of Tehama, State of California, and before the making of this Information, did willfully and unlawfully transport Methamphetamine. (SEC. HS11379(a))

"Notice: Conviction of this offense will require you to register pursuant to Health and Safety Code section 11590. Failure to do so is a crime pursuant to Health and Safety Code section 11594."

SENTENCING RANGE: 2, 3, 4 Years

**COUNT II**

The above defendants SERGIO TORRES MARROQUIN and IRAN VALDOVINOS SOLORIO, on or about April 3, 2011, at and in the County of Tehama, State of California, and before the making of this Information, did unlawfully transport marijuana. (SEC. HS11360(a))

"NOTICE: Conviction of this offense will require you to register pursuant to Health and Safety Code section 11590. Failure to do so is a crime pursuant to Health and Safety Code section 11594."

SENTENCING RANGE: 2, 3, 4 Years

**COUNT III**

The above defendants SERGIO TORRES MARROQUIN and IRAN VALDOVINOS SOLORIO, on or about April 3, 2011, at and in the County of Tehama, State of California, and before the making of this Information, did unlawfully possess for purpose of sale marijuana. (SEC. HS11359)

"Notice: Conviction of this offense will require you to register pursuant to Health and Safety Code section 11590. Failure to do so is a crime pursuant to Health and Safety Code section 11594."

SENTENCING RANGE: 16 Months, 2, 3 Years

Contrary to the form, force and effect of the Statute in such cases made and provided, and against the peace and dignity of the People of the State of California.

Dated: June 2, 2011

GREGG COHEN
Tehama County District Attorney

By: [signature]
JAMES D. WAUGH,
Deputy District Attorney

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
## SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

*[Not to be used for multiple count convictions or for 1/3 consecutive sentences]*

CR-290.1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: TEHAMA

PEOPLE OF THE STATE OF CALIFORNIA vs
DEFENDANT: SERGIO TORRES MARROQUIN DOB: [redacted]84
AKA
CII NO.:
BOOKING NO.
☐ NOT PRESENT

CASE NUMBER
NCR81432

SUPERIOR COURT ... AUG 18 2011

COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT ☐ AMENDED ABSTRACT

| DATE OF HEARING | DEPT NO. | JUDGE |
|---|---|---|
| 08-08-11 | 51 | HON. EDWARD J. KING, III, ASSIGNED |

| CLERK | REPORTER | PROBATION NO. OR PROBATION OFFICER ☐ IMMEDIATE SENTENCING |
|---|---|---|
| STACI McKENZIE | SHARON DUNBAR | ROSA VASQUEZ |

| COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT ☐ APPTD. |
|---|---|
| GREGG COHEN, DA | DOUGLAS L. GARDNER |

1. Defendant was convicted of the commission of the following felony:

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO/DATE/YEAR) | CONVICTED BY JURY | CONVICTED BY COURT | CONVICTED BY PLEA | TERM (L, M, U) | TIME IMPOSED YRS. | TIME IMPOSED MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | HS | 11360(a) | TRANSPORTATION OF MARIJUANA | 2011 | 07-11-11 | | | X | L | 2 | 0 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| COUNT | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | TOTAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | TOTAL |
|---|---|---|---|---|---|---|
| | | | | | | |

4. ☐ Deft. sentenced per: ☐ PC 667(b)-(i) or PC 1170.12 (two strikes) ☐ PC 1170(a)(3). Pre-confinement credits equal or exceed time imposed. (Paper Commitment.) Deft. ordered to report to local Parole Office upon release.

5. FINANCIAL OBLIGATIONS (plus any applicable penalty assessments):

Restitution Fine(s): $ 400 per PC 1202.4(b) forthwith per PC 2085.5; $400 per PC 1202.45 suspended unless parole is revoked.
$ ______ per PC 1202.44 is now due, probation having been revoked.

Restitution per PC 1202.4(f): ☐ $______ / ☐ Amount to be determined to ☐ victim(s)* ☐ Restitution Fund
☐ *Victim name(s), if known, and amount breakdown in item 8 below. ☐ *Victim name(s) in probation officer's report.

Fine(s): $______ per PC 1202.5. $______ per VC 23550 or ____ day s ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☒ Includes: ☐ $50 Lab Fee per HS 11372.5(a) ☒ $360 Drug Program Fee per HS 11372.7(a) for each qualifying offense.
☒ Court Security Fee of $ 30 per PC 1465.8. ☒ Criminal Conviction Assessment of $ 30 per GC 70373.

6. TESTING: a. ☐ Compliance with PC 296 verified b. ☐ AIDS per PC 1202.1 c. ☒ other (*specify*): SAMPLES PER PC 296.

7. IMMEDIATE SENTENCE: ☐ Probation to prepare and submit a post-sentence report to CDCR per PC 1203c. Deft's Race/Nat'l Origin ____

8. Other orders (*specify*): REGISTRATION PER HS 11590.

9. TOTAL TIME IMPOSED EXCLUDING COUNTY JAIL TERM: 2 | 0

10. ☐ This sentence is to run concurrent with (*specify*):

11. Execution of sentence imposed: a. ☒ at initial sentencing hearing. b. ☐ at resentencing per decision on appeal. c. ☐ after revocation of probation. d. ☐ at resentencing per recall of commitment. (PC 1170(d).) e. ☐ other (*specify*):

12.

| DATE SENTENCE PRONOUNCED | CREDIT FOR TIME SPENT IN CUSTODY TOTAL DAYS, INCLUDING: | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | | TIME SERVED IN STATE INSTITUTION: DMH | CDCR | CRC |
|---|---|---|---|---|---|---|---|
| 08-08-11 | 1 | 1 | 0 | ☒ 4019 ☐ 2933.1 | [ ] | [ ] | [ ] |

13. The defendant is remanded to the custody of the sheriff ☒ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to ☒ the reception center designated by the director of the California Department of Corrections and Rehabilitation.
☐ Other (*specify*):

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| (SEAL) [signature] | 08-18-11 |

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.